# Streater *v.* The State.

*Prosecution for Enticing away a Laborer.*

1. *Enticing away laborer; sufficiency of evidence to authorize conviction.*—In a prosecution commenced by a complaint which charges the defendant with having "knowingly interfered with, hired, engaged or enticed away a certain named laborer or servant, who had contracted in writing to serve the affiant," (Code, § 5505), where the contract introduced in evidence shows that the relation of master and servant or hirer and laborer between the affiant and the certain named person was to begin upon the completion of the gathering of the crop which said proposed laborer had made during the current year, and it is further shown by the evidence that at the time of the alleged enticing away by the defendant of said named person, he had not then completed the gathering of the crop, the defendant can not be convicted; the enticing away having taken place before the term of service had commenced.

2. *Prosecution for criminal offense; sufficiency of affidavit.*—An affidavit or complaint made for the institution of a prosecution which affirms only that the affiant has reason to believe and does believe that the defendant committed a designated offense, is insufficient to institute a prosecution, does not authorize the issuance of a warrant of arrest, and will not support a judgment of conviction.

[Streater v. The State.]

APPEAL from the County Court of Elmore.

Tried before the Hon. H. J. LANCASTER.

The appellant i nthis case was tried and convicted in a prosecution which was commenced by the making of the following complaint by one C. M. Hall: "Before me, T. J. Williams, a justice of the peace of said county, personally appeared C. M. Hall, who, by me first being duly sworn, deposes and says that he has reason to believe and does believe, that within twelve months before making this affidavit, and in said county, F. G. Streater knowingly interfered with, hired, engaged, enticed away, or induced Charlie Austin, alias Dock Austin, a laborer or servant, who had stipulated or contracted in writing to serve affiant a given number of days, weeks, months or from one year before the expiration of the term stipulated or contracted for, such contract being in force and binding upon the parties thereto, without the consent of affiant to whom the services was due, given in writing or in the presence of some credible person, against the peace and dignity of the State of Alabama."

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

GOODWYN & MCINTYRE, for appellant.—Under the facts in this case, the defendant should not have been convicted; it being shown that the enticing away by the defendant, if it occurred at all, took place before the term of service had commenced with the prosecutor. *Tropley v. State*, 79 Ala. 27.

MASSEY WILSON, Attorney-General, for the State, cited *Torpley v. State*, 79 Ala. 271; *Boykin v. Bank*, 72 Ala. 262; *Drennen v. Smith*, 115 Ala. 396; *Roberts v. State*, 68 Ala. 515; *Tolbert v. State*, 87 Ala. 27.

DOWDELL, J.—The defendant was tried and convicted for a violation of section 5505 of the Code. This statute was amended (Acts, 1900-01, p. 1215), so as to extend its provisions to any one who knowingly interferes with, hires, employs, entices away or induces to

leave the rented premises of another, "any renter or share-croppers," etc. · The present prosecution, however, is not affected by anything added to the statute by the amendment, since the offense charged is that of enticing away a laborer or servant, which is the same under the amended statute, as it was in the original. While the punishment is the same, the enticing away of a laborer or servant is a different offense from that of enticing away a *renter*, or a *share-cropper*. The latter · two were made the subject of offense by the amendment. A conviction can not be had on a charge of enticing away a laborer or servant by proof of enticing away a *renter*, or a *share-cropper*. The complaint here charges the defendant with having violated the statute in that he, defendant, "knowingly interfered with, hired, engaged, enticed away, or induced Charlie Austin *alias* Deck Austin, a laborer or servant, who had stipulated or contracted in writing to serve affiant," etc. The written contract introduced in evidence, and which is set out *in hace verba* in the transcript, shows that the relation of master and servant, or hirer and laborer, was to begin at some future date, which was fixed by the terms of the contract upon the completion of the gathering of the crop, which the said Austin had made during the current year on the land of the prosecutor Hall.

The evidence on the part of the State showed, and this without conflict, that at the time of the alleged enticing away by the defendant of the said Austin, on the 20th day of November, the said Austin had not then completed the gathering of the crop, which he had made on the prosecutor's land. It was thus made clear and without dispute, that at this time, Austin was not in the service of the prosecutor, Hall, as a laborer or servant, and that such relation was yet dependent upon the happening of a certain event in the future. In *Tarpley v. State*, 79 Ala. 274, it was said: "The statute, in our opinion, very clearly prohibits the hiring of a servant or laborer after he has abandoned the service of a master, as well as before, *provided the hiring be within the term of service covered by the written contract, and before its expiration.*" (The italics are ours.) In the present case the hiring or enticing away, was not within

[Jackson v. The State.]

the term of service of the said Austin, as a servant or laborer, covered by the written contract, but before such term of service had commenced. The defendant was entitled to the general charge as requested, and the trial court erred in its refusal:

Moreover, the complaint is insufficient to support a prosecution. The affidavit is, that affiant has reason to believe and does believe that the offense had been committed, etc. This is not the equivalent of an affirmation of the existence of a *probable cause* for believing. See *Monroe v. State, ante.* p. 88, and *Townsend v. State, ante,* p. 91.

The judgment of the county court will be reversed, and one will be rendered here discharging the defendant.

Reversed and rendered.